UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PRINCETON MAYS,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
MANUEL ENCARNACION, tax # 933766, POLICE
OFFICER STEPHEN HILLMAN, shield # 22209,
SERGEANT JOSEPH MCKENNA, tax # 899573,
POLICE OFFICER JOSEPH MOROVICH, shield #
10263,

                              Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

CV 13 3975 (WFK) (SMG)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. Plaintiff, a resident of Brooklyn and a student at Norfolk State University, brings this action against the City of New York and four New York City Police Officers alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting him, using unreasonable force on him, denying him a fair trial and maliciously prosecuting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in and subject to personal jurisdiction in this District and because plaintiff resides in this District.

## PARTIES

4.Plaintiff is a resident of the State of New York, Kings County.

5.The City of New York is a municipal corporation organized under the laws of the State of New York.

6.The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

7.On June 18, 2011, at approximately 11:40 p.m., plaintiff was walking in the vicinity of 4 East 117th Street in Manhattan headed to a local store.

8.At all relevant times, plaintiff was obeying the law.

9.At the above time and place, Police Officer Manuel Encarnacion, Sergeant Joseph McKenna and Police Officer Joseph Morovich pulled up in a marked patrol car and ran toward plaintiff to stop and frisk him.

10.Plaintiff asked the defendants to provide a basis for the stop.

11.In response to plaintiff's exercise of free speech, one of the defendants, likely Morovich, slapped plaintiff in the face.

12.The same defendant then stated to plaintiff: "you made me so much money tonight that I want to kiss you."

13. The defendants arrested plaintiff, handcuffed him excessively tight and brought him to an unknown precinct.

14. In the precinct, the aforesaid defendants, acting in concert with Officer Stephen Hillman, falsely charged plaintiff with felony possession of a firearm.

15. Plaintiff was eventually taken to Manhattan Central Booking.

16. While plaintiff was held in Manhattan Central Booking, Officer Encarnacion, Sergeant McKenna and Officer Morovich, acting in concert, initiated a prosecution against plaintiff or played a role in initiating a prosecution against him by causing Officer Hillman to misrepresent to prosecutors that plaintiff had thrown a black bag to the ground that contained a loaded firearm.

17. Defendants caused the creation of a criminal court complaint charging plaintiff with felony possession of a firearm.

18. During plaintiff's arraignment, the presiding judge set bail.

19. Plaintiff was held in the custody of the New York City Department of Correction ("DOC") for approximately 25 days.

20. While in the custody of the DOC, plaintiff was strip searched on numerous occasions and was attacked by another inmate.

21. It was reasonably foreseeable to the defendants that if they falsely charged plaintiff with felony possession of a firearm, he would be strip searched on numerous occasions and be attacked by another inmate while in DOC custody.

22. On July 11 or 12, 2011, plaintiff posted bail and returned to court numerous times until the Manhattan District Attorney's Office dismissed the case on September 5, 2012.

23. In a memorandum submitted to the criminal court, the District Attorney's Office stated that it was dismissing the case due to problems with Officer Morovich's version of the events that led to plaintiff's arrest.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 25 days and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, damage to his reputation, a broken tooth, and pain, swelling and bruising.

## FIRST CLAIM
## (FALSE ARREST)

25. Plaintiff repeats the foregoing allegations.

26. At all relevant times, plaintiff did not commit a crime or violation.

27. Despite plaintiff's innocence, the defendants arrested plaintiff.

28. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM
## (UNREASONABLE FORCE)

29. Plaintiff repeats the foregoing allegations.

30. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

31. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM
## (DENIAL OF A FAIR TRIAL)

32. Plaintiff repeats the foregoing allegations.

33. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime.

34. Defendants' misrepresentations deprived plaintiff of liberty.

35. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FOURTH CLAIM

### (MALICIOUS PROSECUTION)

36. Plaintiff repeats the foregoing allegations.

37. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against him or played a role in initiating a prosecution against him.

38. Defendants' misrepresentations deprived plaintiff of liberty.

39. The criminal case filed against plaintiff was ultimately dismissed.

40. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (VIOLATION OF RIGHT TO FREE SPEECH)

41. Plaintiff repeats the foregoing allegations.

42. Plaintiff exercised free speech during the incident.

43. Plaintiff's use of free speech was a motivating factor in defendants' decisions to violate his civil rights.

44. Accordingly, the defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

45. Plaintiff repeats the foregoing allegations.

46. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

47. Accordingly, the defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SEVENTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

48. Plaintiff repeats the foregoing allegations.

49. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

50. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

51. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

52. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other

federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

53. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

54. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

55. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:     July 16, 2013

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)